Susan H. IRWIN, Petitioner,

v.

SMALL BUSINESS ADMINISTRATION AGENCY, Respondent.

No. 94–3404.

United States Court of Appeals, Federal Circuit.

Jan. 12, 1995.

Reid W. Kennedy, Marietta, GA, submitted for petitioner.

Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted for respondent. With her on the brief were Frank W. Hunger, Asst. Atty. Gen. and David M. Cohen, Director.

Before RICH, CLEVENGER, and RADER, Circuit Judges.

RICH, Circuit Judge.

Susan H. Irwin (Ms. Irwin) seeks review of the final decision of the Merit Systems Protection Board (Board) in Docket No. AT–0432–93–0445–A–1. In an 8 April 1994 initial decision, an Administrative Judge (AJ) denied Ms. Irwin's motion for attorney fees and costs pursuant to 5 U.S.C. § 7701(g)(1) (1988), incurred in connection with the appeal of her termination for performance-based reasons. In the absence of a petition for review, the 8 April 1994 initial decision became the final decision of the Board on 13 May 1994. We *affirm*.

I

Ms. Irwin was employed as an attorney advisor with the Small Business Administration (agency) in the Atlanta District Office. The agency terminated her employment on 26 March 1993 for unacceptable job performance.

On 14 April 1993, she appealed to the Board, seeking reinstatement to her former position with the agency. The Board dismissed this appeal on 3 June 1993 as premature.

On 24 August 1993, she filed a timely appeal in which she sought the following relief:

(1) modification of her employment records with the agency to reflect that her employment was voluntarily terminated effective 14 June 1993;

(2) a letter from the agency stating that her work performance was satisfactory during her employment; and

(3) attorneys fees as allowed by law.

On 22 October 1993, she amended her petition for appeal. Specifically, she amended her petition to request the following relief:

(1) reinstatement as an Attorney Advisor, GS–11;

(2) promotion to the GS–12 level;

(3) a voluntary resignation at the termination of the action granting her reinstatement; and

(4) full pay and benefits from the time of the termination of her employment to the date of her reinstatement and simultaneous resignation.

On 3 November 1993, the parties reached a settlement providing for the following relief:

(1) modification of her employment records with the agency to reflect that her employment was voluntarily terminated effective 14 June 1993 (the records would show that she was in a leave-without-pay status from 26 March 1993 to 14 June 1993);

(2) a letter stating that she was employed by the agency and her dates of service, that she voluntarily resigned, and that her last performance rating of record was fully successful; and

(3) removal of Ms. Irwin's October 1991 performance rating from her personnel file.

## II

Ms. Irwin claims she is entitled to attorneys fees and costs pursuant to section 7701(g)(1). There are two prerequisites for attorneys fees and costs under that section. Namely, "an administrative law judge ... may require payment by the agency involved of reasonable attorney fees incurred by an employee ... if the employee ... is the prevailing party and the ... administrative law judge ... determines that payment by the agency is warranted in the interest of justice." 5 U.S.C. § 7701(g)(1). Thus, to obtain attorney fees, (1) a party must be the prevailing party and (2) payment by the

agency must be warranted in the interest of justice. This case involves only the first prerequisite since the AJ never reached the second.

To satisfy the first prerequisite for entitlement to a fee award, an appellant must show that she "obtained all, or a significant portion of, the relief sought in petitioning for appeal as a result of the institution of the appeal." *Quintanilla v. Department of the Navy,* 59 M.S.P.R. 547, 549 (1993) (emphasis removed). The AJ decided that Ms. Irwin had not met this requirement. In particular, she did not receive the bulk of the relief sought in her appeal as amended on 22 October 1993.

Ms. Irwin contends before us that she obtained all of the relief she wanted. According to her, she amended her appeal as a negotiating tactic, but secretly only wanted the relief claimed in her timely appeal as originally filed on 24 August 1993. Thus, she argues, she has met the "prevailing party" prong of the two-prong test for entitlement to reasonable attorney fees. We disagree.

A party who amends a pleading as a negotiating tactic assumes the concomitant risks of that tactic. We understand a litigant's desire to present a strong front and to request more relief than the litigant ultimately may be willing to settle for. Less risky avenues were, however, available to Ms. Irwin. For example, rather than formally amending her papers before the Board, she could have kept her negotiating tactics out of the formal record. She could have informed opposing counsel by letter that she intended to amend her Notice of Appeal, possibly including a copy of a draft amendment to bolster the potency of her "threat."

In the case sub judice, the downside of her chosen tactic is now readily apparent. Ms. Irwin's selected tactic has deprived her of her eligibility for attorneys fees. The AJ or court making a determination under section 7701(g)(1) must compare the relief being sought at the resolution of the case to the relief actually obtained. If this were not the rule, any litigant could assert that it ultimately got want it really wanted despite what it sought in its pleadings. AJs would

be required to speculate on the genuineness of amendments. We believe that AJs must be able to rely on the records before them for what they state.

Our review of Board decisions is defined and limited by statute. We must affirm the Board's decision unless it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (1988). In light of what we have stated above and our careful consideration of Ms. Irwin's arguments, we find that the AJ made no error that would support a reversal of the Board's decision. We therefore affirm.

*AFFIRMED.*